UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARB HELTON,
*c/o Julie Meyer, #663171*,

                  Petitioner,

v.                                  CASE NO. 2:10-CV-10384
                                  HONORABLE ANNA DIGGS TAYLOR

MILLICENT WARREN,

                  Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. Introduction

Barb Helton, the mother of 43-year-old Michigan prisoner Julie Meyer, #663171, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on behalf of her daughter asserting that her daughter is being held in violation of her constitutional rights. Julie Meyer pleaded guilty to operating while intoxicated causing death, Mich. Comp. L. § 257.6254, in the Wayne County Circuit Court and was sentenced to 7 to 15 years imprisonment in 2007. The claims in the petition contest the validity of state criminal procedures and the effectiveness of trial and appellate counsel with regard to sentencing. For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus and denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

1

## II.  Discussion

An application for a writ of habeas corpus may be filed by one person on behalf of another.  *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status is not conferred automatically.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be granted.  *Id*.  First, "a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action."  *Id*.  Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  *Id*; *see also Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (citing *Whitmore, supra*; *West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998)). "The putative next friend must clearly establish 'the propriety of his status' in order to 'justify the jurisdiction of the court.'"  *Tate*, 72 F. App'x at 266 (citing *Whitmore*, 495 U.S. at 164).

In this case, Barb Helton has failed to satisfy the first prerequisite.  She has neither alleged nor established that her daughter, Julie Meyer, is incompetent or otherwise unable to pursue a federal habeas action on her own behalf.  Thus, even assuming that Helton is acting in Meyer's best interests, Helton's failure to demonstrate Meyer's inaccessibility, incompetence, or other disability, precludes the Court from considering the instant petition.  This action must therefore be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Barb Helton has failed to establish that she is entitled to bring this habeas action on behalf of her incarcerated daughter, Michigan prisoner Julie Meyer. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits or timeliness of the claims contained in the petition.

Before Helton may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

DATED: February 8, 2010

<u>**s/ Anna Diggs Taylor**</u>
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 8, 2010.

Barb Helton
800 Commanche Trail
Ft. Meyers Beach, FL 33931

Julie Meyer, #663171
Huron Valley Complex-Women
3511 Bemis Rd.
Ypsilanti, MI 48197                                    <u>s/Johnetta M. Curry-Williams</u>
                                                       Case Manager